IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-1831-WJM-NRN

1K1V TGJ HOLDINGS, LLC,

    Plaintiff,

v.

TRUE GENTLEMEN'S JERKY, and
JESS THOMAS,

    Defendants.

---

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO TRANSFER**

---

This matter is before the Court on Defendants True Gentlemen's Jerky ("True") and Jess Thomas's (jointly, "Defendants") Motion to Dismiss, Stay, and/or Transfer Case ("Motion"). (ECF No. 16.) For the following reasons, the Motion is granted in part and this action is transferred to the United States District Court for the Northern District of California.

## I. BACKGROUND

This action arises out of Plaintiff 1K1V TGJ Holdings LLC's ("1K1V") investment in True, a company that produces and sells beef jerky and other air-dried meat products. (ECF No. 1.) 1K1V is an entity formed for the purpose of investing in True. (*Id.* ¶¶ 10–11.) 1K1V alleges that it invested approximately $3 million in True stock over a series of transactions. (*Id.* ¶ 11.)

True initiated an action in San Francisco Superior Court on April 12, 2021, which 1K1V removed to the Northern District of California ("California Action"). (ECF No. 16-

1.)  True brought several state tort claims, alleging that 1K1V had interfered with its negotiation of a financing agreement with another company.  (*Id.*)

1K1V initiated this action on July 6, 2021.  (ECF No. 1.)  It brings twelve claims for breach of certain promissory notes and state tort claims against Defendants and one since-dismissed defendant, asserting that Defendants misled it about True's value and therefore improperly induced its investment.  (*Id.*)

Defendants filed their Motion on August 25, 2021, asserting that, based on the first-filed rule, the Court should transfer this action to the Northern District of California, or, in the alternative, dismiss the action, or stay proceedings pending resolution of the California Action.  (ECF No. 16.)  1K1V responded on September 15, 2021, and Defendants replied on September 29, 2021.  (ECF Nos. 18 & 28.)

## II. LEGAL STANDARD

The first-to-file rule recognizes that federal courts, "'as courts of coordinate jurisdiction and equal rank'" must "'be careful to avoid interfering with each other's affairs in order to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'"  *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, 189 F.3d 477, 1999 WL 682883, at *3 (10th Cir. 1999) (quoting *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).  The rule "permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district."  *Id.* (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).  "Although the preference is for the first-filed court to decide on the application of the first-to-file rule, a second-filed court may exercise its

discretion and consider the application of the first-to-file rule in the first instance." *Chieftain Royalty Co. v. XTO Energy, Inc.*, 2011 WL 1533073, at *1 (E.D. Okla. Apr. 22, 2011) (citing *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1296–97 (D. Kan. 2010)).

### III. ANALYSIS

Defendants contend that, pursuant to the first-filed rule, the Court should transfer this action to the Northern District of California. (ECF No. 16 at 1.)

When determining whether to apply the first-to-file rule, courts examine the following factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Brannon v. Express Scripts Holding Co.*, 2018 WL 263237, at *3 (D. Kan. Jan. 2, 2018). The Court considers each factor in turn.

    i.    *Chronology of Actions*

"[D]etermining the chronology of events typically requires only a comparison of the two filing dates." *Wakaya Perfection v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018). Defendants attach a copy of the California complaint reflecting a filing date of April 12, 2021, several months prior to the July 2021 filing date of this action, which 1K1V does not dispute. (ECF No. 16-1.) Accordingly, the first factor favors transfer. *See Wakaya Perfection*, 910 F.3d at 1124.

    ii.    *Similarity of Parties*

Defendants assert that the similarity of the parties favors transfer because the parties in this action and the California Action are largely identical. (ECF No. 16 at 12.) Specifically, they note that 1K1V is a defendant in the California Action, while

3

Defendants are plaintiffs in the California Action. (*Id.*) 1K1V appears to concede that the parties are similar. (ECF No. 18 at 4 (arguing that the lack of similarity of legal issues precludes transfer "despite the similarity between the parties in the two cases")).) To the extent it argues otherwise by noting that Defendant Jess Thomas is not a party to the California Action, however, such argument is unavailing. True and 1K1V are both parties to the California Action, and Thomas's inclusion in this action is based on his role as chief executive officer at True. (*See generally* ECF No. 1.) Accordingly, there is substantial similarity between the parties to the two actions and this factor also favors transfer. *See Animal Health Int'l, Inc. v. Livingston Enters., Inc.*, 2012 WL 1439243, at *4 (D. Colo. Apr. 26, 2012).

    iii.    *Similarity of Issues*

Defendants contend that the issues underlying this action and the California Action are similar for the purposes of the first-filed analysis because both actions arise out of the parties' relationship, namely, 1K1V's series of investments in True. (ECF No. 16 at 6–7.) 1K1V asserts that this factor disfavors transfer, however, because the respective actions concern distinct transactions. (ECF No. 18 at 5.)

Generally, "the first-to-file analysis turns primarily on the subject matter of the disputes." *Aurora Bank, FSB v. Universal Am. Mortg. Co.*, 2012 WL 5878197, at *4 (D. Colo. Nov. 19, 2012). Further, "[t]he asserted theories of recovery need not mirror each other so long as the underlying claims arise out of the same improper actions by the defendants." *Dumanian v. Schwartz*, 2021 WL 1210033, at *4 (D. Colo. Mar. 31, 2021).

1K1V contends that the issues in the two actions do not overlap because this action concerns True's satisfaction of obligations based on note purchase agreements,

whether Defendants made material misrepresentations to induce 1K1V's investment, and whether True breached fiduciary obligations to investors. (ECF No. 18 at 6–7.) The California Action, it argues, concerns True's obligations to creditors based on its refusal to accept certain financing terms by 1K1V. (*Id.* at 7.)

Defendants assert that the reasonableness of the terms of 1K1V's offering goes to the core of claims in both actions. (ECF No. 28 at 2.) They further note that the underlying basis for the California Action is that True entered a contract with another company because 1K1V's proposed financing terms were unfavorable. (ECF No. 28 at 5; *see also* ECF No. 16-1 at 15.) Thus, it asserts, True's defense of its rejection of 1K1V's financing offer "will hinge on whether [the other company's] offering was more reasonable." (ECF No. 28 at 5.)

As Defendants point out, both actions arise out of the parties' relationship and consequent duties to one another based on a series of transactions. (*See generally* ECF No. 1; ECF No. 16-1.) It appears to the Court that the issues—namely, 1K1V's series of investments in True stock and the legality of True's rejection of 1K1V's financing offer—overlap such that it is foreseeable that the actions would involve similar arguments.[1] It is also possible that the underlying facts in the two actions would be relevant to calculating damages, as each party's respective success on certain claims may count as a setoff against damages. Accordingly, the Court concludes that, between the two actions, the "commonalities dwarf the disparities." *See Animal Health*,

---

[1] To the extent Plaintiff argues that the presence of *any* unrelated claims between the actions weighs against transfer, it fails to cite any authority from this District. (ECF No. 18 at 8–9.) The Court is therefore unpersuaded that all claims must overlap, particularly as the standard is "substantial similarity" of the issues. *See Dumanian*, 2021 WL 1210033, at *4.

2012 WL 1439243, at *4.  The third factor therefore also militates in favor of transfer. *See id.* (finding that issues may arise as to whether a party's claim is a compulsory counterclaim, setoff, or defense and transferring action pursuant to first-to-file rule).

Because venue is proper in the Northern District of California, and the first-to-file rule warrants deference to that court, the Court will transfer this case to the Northern District of California.[2]  *See Dumanian*, 2021 WL 1210033, at *5 (transferring as opposed to staying case); *Hubbard v. Argent Mortg. Co., LLC*, 2016 WL 4537869, at *6 (D. Colo. Aug. 31, 2016) (finding that the goals of judicial economy and consistency were better advanced by transferring, instead of staying the case).

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion (ECF No. 16) is GRANTED IN PART to the extent it seeks transfer of this action;

2. The Motion is otherwise DENIED;

3. This case is TRANSFERRED to the United States District Court for the Northern District of California, and the Clerk shall transmit the file to the Clerk of that court; and

4. Unless and until ordered otherwise by the Northern District of California, unexpired deadlines in this case (if any) continue to control.

---

[2] 1K1V does not argue that the factors under 28 U.S.C. § 1404(a) weigh against transfer, and the Court need not consider these factors given that the first-to-file rule warrants transfer.  *See Dumanian v. Schwartz*, 2021 WL 1210033, at *5 (D. Colo. Mar. 31, 2021) (transferring case under first-to-file rule and observing that the court need not consider the § 1404(a) factors where transfer is under the first-to-file rule).

Dated this 4th day of October, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge